# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

MACK STEPHENSON, #351053,

        Petitioner,

v.                                                          ACTION NO.
                                                             2:07cv400

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. This Court recommends denying the petition for writ of habeas corpus.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner Mack Stephenson ("Stephenson") was convicted, pursuant to his guilty pleas, in the Circuit Court for the City of Suffolk of three counts of object sexual penetration, four counts of indecent liberties, and two counts of aggravated sexual battery. On October 18, 2005, the trial court sentenced Stephenson to 130 years of imprisonment with 80 years suspended.

Stephenson did not appeal his convictions. However, on November 29, 2006, Stephenson

filed a habeas petition in the Virginia Supreme Court, which was denied on June 5, 2007.

Stephenson, presently in the custody of the Greensville Correctional Center in Jarratt, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 24, 2007. On December 10, 2007, the respondent filed a Rule 5 Answer and Motion to Dismiss. The time for a response to the respondent's motion having expired, this matter is now ripe for adjudication.

## B. Grounds Alleged

Stephenson asserts he is entitled to relief under 28 U.S.C. § 2254 because he was denied effective assistance of counsel due to his counsel's failure to file a notice of appeal.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Stephenson's action here is barred by the statute of limitations. The statute of limitations for claims under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .

28 U.S.C. § 2244(d)(1)(A). Stephenson's conviction became final on November 17, 2005, the date upon which his time for filing a notice of appeal in the Court of Appeals of Virginia expired. See Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000); Va. Sup. Ct. R. 5A:6 (directing that a notice of appeal must be filed within 30 days after entry of final judgment). Therefore, he had one year, or until November 17, 2006, to file a federal habeas petition.

Under 28 U.S.C. § 2244(d)(2) the statute of limitations clock is paused during the time that

a petition for state collateral review is pending. Section 2244(d)(2) provides:

> the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). However, Stephenson filed his state habeas petition on November 29, 2006, 12 days after his federal limitations period had expired. Because Stephenson's limitations period had already expired, his state habeas petition did not toll the federal statute of limitations and this Court cannot reach the merits of Stephenson's claim. Accordingly, this Court recommends denial of Stephenson's petition.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Stephenson's petition for writ of habeas corpus be DENIED as barred by the statute of limitations and the respondent's motion to dismiss be GRANTED.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
February 21, 2008

**CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Mack Stephenson, #351053
Greensville Correctional Center
901 Corrections Way
Jarratt, VA 23870

Josephine Whalen, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

                                          Fernando Galindo, Clerk

                                By _____
                                      Deputy Clerk

                                       February  , 2008